UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
LESTER WISE, 1:18-cv-08061-PGG-SDA

Plaintiff,

**FIRST AMENDED COMPLAINT**

-against-

REJI G, LLC d/b/a GINDI CAPITAL, JEFFREY GINDI, and ELI GINDI

Defendants. *Jury Trial Demanded*

------------------------------------------------------------------------X

Plaintiff, Lester Wise ("Plaintiff"), by his attorney, THE LAW OFFICE OF JON A. STOCKMAN, as and for his First Amended Complaint, respectfully alleges the following:

**NATURE OF THE CASE**

1. Plaintiff brings this action under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. (hereinafter "FLSA").

**JURISDICTION AND VENUE**

2. This Court has subject matter jurisdiction over this action and jurisdiction over Defendants REJI G, LLC d/b/a Gindi Capital, Jeffrey Gindi, and Eli Gindi (collectively referred to as "Defendants") pursuant to 28 U.S.C. § 1331.

3. This action properly lies in the United States District Court for the Southern District of New York, pursuant to 28 U.S.C. § 1391, because Defendant REJI G, LLC d/b/a Gindi Capital resides in this judicial district.

**THE PARTIES**

4. Plaintiff is a resident of the State of New York, County of Kings.

5. At all times relevant to the First Amended Complaint, Plaintiff was an employee of Defendants within the meaning of the FLSA.

**DEFENDANTS**

6. At all times relevant to the First Amended Complaint, Defendant REJI G, LLC d/b/a Gindi Capital ("REJI") is and was a domestic limited liability company organized under the laws of the State of New York with a principal place of business at 19 West 34th Street, New York, NY 10001.

7. Defendant REJI was incorporated in the County of New York.

8. According to its website, REJI is a "privately held company specializing in real estate, retail, alternative investments." According to its website, REJI has "procured billions of dollars in real estate properties throughout the [United States] and has been involved in numerous corporate acquisitions, including its current regional children's retain chain, America's Kids."

9. At all times relevant to the First Amended Complaint, Defendant REJI was, and continues to be, an "enterprise engaged in commerce or in the production of goods for commerce" within the meaning of the FLSA in that said Defendant employed employees who handled goods or materials that had been moved in or produced for commerce. For example, at all relevant times, Defendant REJI G, LLC employed employees who used telephones, facsimile machines, the U.S. mail, or computer e-mail systems to communicate with persons in another state or used electronic devices which authorize credit card purchases.

10. At all times relevant to the First Amended Complaint, Defendant REJI had and continues to have an annual gross volume of sales of not less than $500,000.00.

11. Jeffrey Gindi is and was a co-founder and principal of Defendant REJI.

12. As a principal of Defendant REJI, Jeffrey Gindi possessed the ability to hire and fire employees working for REJI.

13. Upon information and belief, as a principal of Defendant REJI, Jeffrey Gindi supervised and controlled employee work schedules and conditions of employment, determined the rate and method of payment to employees, and maintained employment records.

14. Eli Gindi is and was a co-founder and principal of Defendant REJI.

15. As a principal of Defendant REJI, Eli Gindi possessed the ability to hire and fire employees working for REJI.

16. Upon information and belief, as a principal of Defendant REJI, Eli Gindi supervised and controlled employee work schedules and conditions of employment, determined the rate and method of payment to employees, and maintained employment records.

## FACTUAL ALLEGATIONS

17. Plaintiff was employed by Defendants as a driver from in or around 2005 through on or around January 29, 2018.

18. Throughout Plaintiff's tenure with Defendants, he typically worked for Defendants more than forty (40) hours per week. Despite this, Defendants failed to pay Plaintiff for all time worked over forty (40) hours per week at the required overtime rate of 1.5 times Plaintiff's regular rate of pay.

19. Throughout Plaintiff's tenure with Defendants, he typically worked for Defendants at least sixty (60) hours per workweek. Plaintiff typically worked for Defendants from 9 a.m. (or before) until 9 p.m. (or after) Monday through Friday. Moreover, Plaintiff sometimes worked for Defendants on Saturday and/or Sunday in addition to Monday through Friday.

20. Plaintiff was not covered by any of exemptions in the FLSA.

21. Defendants failed to notify Plaintiff of his rights under the FLSA, and therefore under the doctrine of equitable tolling, Plaintiff is entitled to unpaid overtime for his entire tenure with Defendants. See Kim v. Gang, Inc., No. 12-cv-6344, 2015 WL 2222438, at * 36-39 (S.D.N.Y. Mar. 19, 2015); Ke v. Saigon Grill, Inc., 595 F. Supp. 2d 240, 258-59 (S.D.N.Y. 2008).

**FIRST CLAIM FOR RELIEF**
*(Violation of the FLSA:Unpaid Overtime Wages)*

22. Plaintiff repeats and realleges each and every allegation contained herein.

23. At all relevant times, Plaintiff was entitled to be paid by Defendants at the rate of one and one half times the applicable regular rate of pay for all hours worked in excess of the maximum hours provided for in the FLSA.

24. Defendants failed to pay Plaintiff overtime compensation in the lawful amount for all hours worked in excess of the maximum hours provided for in the FLSA.

25. Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiff at the statutory overtime rate of time and one-half for all hours worked in excess of forty (40) hours per week, when it knew or should have known such was due and that non-payment of overtime compensation would financially injure Plaintiff.

26. As a result of Defendants' failure to properly record, report, credit and/or compensate their employees, including Plaintiff, Defendants have failed to make, keep and preserve records with respect to each of its employees sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA.

27. As a direct and proximate result of Defendants' disregard of the FLSA, Plaintiff is entitled to liquidated damages pursuant to the FLSA.

28. Due to the reckless, willful and unlawful acts of the Defendants, Plaintiff suffered damages in an amount not presently ascertainable of unpaid overtime compensation, an equal amount as liquidated damages, and prejudgment and postjudgment interest.

29. Plaintiff is entitled to an award of his reasonable attorneys' fees, costs and expenses, pursuant to 29 U.S.C. § 216(b).

## DEMAND FOR JURY TRIAL

30. Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by the First Amended Complaint.

**WHEREFORE**, as a result of the unlawful conduct and actions of the Defendants herein alleged, Plaintiff demands judgment as follows:

i. declaring Defendants violated the FLSA;

ii. awarding Plaintiff unpaid overtime compensation due under the FLSA;

iii. awarding Plaintiff liquidated damages pursuant to the FLSA;

iv. equitably tolling the statute of limitation period;

v. awarding Plaintiff the costs and disbursements of this suit;

vi. awarding reasonable attorneys' fees;

vii. awarding pre- and post-judgment interest; and

viii. awarding such other and further relief as the court deems just and proper.

Dated: New York, New York
December 14, 2018

*Respectfully submitted*,
**THE LAW OFFICE OF**
**JON A. STOCKMAN**

By: /S/Jon A. Stockman
Jon A. Stockman, Esq. (JS6246)
32 Broadway, Suite 1710
New York, New York 10004
(516) 547-6418 telephone
jstockman@yournycattorney.com
Attorney for Plaintiff, Lester Wise