```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 3/13/2019
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Lester Wise,

           Plaintiff,

-against-

Regi G LLC et al.,

           Defendants.

1:18-cv-08061 (SDA)

ORDER

**STEWART D. AARON, United States Magistrate Judge:**

On February 26, 2019, the parties submitted a settlement agreement for the Court's approval pursuant to *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015). (*See* ECF No. 22.) On March 4, 2019, the Court ordered Plaintiff to submit information regarding the actual attorney's fees expended as well as a copy of the retainer agreement. Having reviewed the proposed settlement, the Court finds that it is fair and reasonable, except the Court declines to award the full amount of attorney's fees requested by Plaintiff.

"A court evaluating attorneys' fees in an FLSA settlement may use either the 'lodestar' method or the 'percentage of the fund' method, but should be guided in any event by factors including: (1) counsel's time and labor; (2) the case's magnitude and complexities; (3) the risk of continued litigation; (4) the quality of representation; (5) the fee's relation to the settlement; and (6) public policy considerations." *Larrea v. FPC Coffees Realty Co.*, No. 15-CV-01515 (RA), 2017 WL 1857246, at *5 (S.D.N.Y. May 5, 2017). Moreover, courts "frequently use the lodestar to 'cross check' a seemingly reasonable request for an award calculated as a percentage of the settlement fund. *Pinguil v. We are all Frank, Inc.*, No. 17-CV-02237 (BCM), 2018 WL 2538218, at *5 (S.D.N.Y. May 21, 2018) (internal citation omitted); *see also Goldberger v. Integrated Res., Inc.*, 209 F.3d

43, 50 (2d Cir. 2000) ("we encourage the practice of requiring documentation of hours as a 'cross check' on the reasonableness of the requested percentage").

Here, applying Plaintiff's requested rate of $200 (which the Court finds reasonable), Plaintiff's attorney's fees under the lodestar method amount to $540. By contrast, one third of the net settlement amount is $6,836.66. Thus, if the Court were to approve a fee award of one third of the net settlement amount, this amount would represent a 12.6 multiplier of the lodestar calculation. While the Court recognizes that contingency fee agreements serve important functions, including to "encourage early settlement of a case," the Court finds that the one-third contingency fee is still too great under the circumstances. *See Larrea*, 2017 WL 1857246, at *6 (finding 11.4 multiplier "simply too great" and awarding lodestar amount). Nonetheless, in order to encourage the swift resolution of cases like this one, the Court will apply a multiplier of 5, which is on the high end of what is typically awarded in this District. See *Pinzon v. Jony Food Corp.*, No. 18-CV-00105 (RA), 2018 WL 2371737, at *3 (S.D.N.Y. May 24, 2018) (awarding one-third fee award when lodestar multiplier was 5.23 in recognition of swift resolution of case); *Shapiro v. JPMorgan Chase & Co.*, No. 11-CV-07961 (CM), 2014 WL 1224666, at *24 (S.D.N.Y. Mar. 24, 2014) ("Lodestar multipliers of nearly 5 have been deemed 'common' by courts in this District."); *deMunecas v. Bold Food, LLC*, No. 09-CV-00440 (DAB), 2010 WL 3322580, at *10 (S.D.N.Y. Aug. 23, 2010) ("Courts regularly award lodestar multipliers from 2 to 6 times lodestar"); *Fujiwara v. Sushi Yasuda Ltd.*, 58 F. Supp. 3d 424, 438-39 (S.D.N.Y. 2014) (multiplier near 2 is appropriate compensation).

Thus, the Court finds that an award of attorney's fees in the amount of $2,700, plus costs in the amount of $490, is fair and reasonable. On this basis, the settlement is approved. Accordingly, this action is dismissed with prejudice and without costs except as may be stated in the settlement agreement. The Clerk is requested to close the case.

**SO ORDERED.**

DATED:     New York, New York
           March 13, 2019

_____
STEWART D. AARON
United States Magistrate Judge